## 6776

### STATE v. LEE.

CHARGE IN THIS CASE FULLY DEFINED MURDER, MANSLAUGHTER, SELF-DEFENSE AND REASONABLE DOUBT, and sufficiently instructed the jury as to the different kinds of verdict they might find in such case.

Before DANTZLER, J., Chester, Spring Term, 1907. Affirmed.

Indictment against Gus Lee for murder of Lucius Jones. From sentence on verdict of guilty, defendant appeals.

*Mr. W. H. Newbold,* for appellant, cites: *In cases involving personal liberty, errors not excepted to will be noted by the Court:* 16 S. C., 462; 12 S. C., 96. *Judge should declare law applicable to each case:* Con., Art. V, Sec. 26; 58 S. C., 94; 80 Ga., 758; 147 Ill., 310; 73 Miss., 873; 33 Tex. Cr., 306; 99 Mo., 666; 76 Ga., 473; 44 Neb., 643; 32 Tex. App., 689; 41 Tex., 306. *Jury should have been instructed to consider element of sudden heat and passion:* 88 Mo., 572; 26 Tex., 107; 41 Tex., 306; 78 Ia., 492; 25 Ia., 572; 36 Kan., 43, 90. *Jury should be instructed as to punishment under different verdicts:* 35 Tex. Cr. App., 274; 130 U. S., 83; 44 S. C., 324; 43 S. C., 52; 165 C., 463. *New trial will be granted for ambiguous charge or for over-*

*looking a defense:* 32 S. C., 201; 15 Rich., 59; 14 Rich., 230; 36 S. C., 479.

*Solicitor J. K. Henry,* contra, cites: *It is not reversible error to fail to instruct jury as to effect of a particular verdict:* 44 S. C., 325; 16 S. C., 462.

February 27, 1908. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The defendant, Gus Lee, was tried in May, 1907, before the Court of General Sessions for Chester County, on the charge of murder and sentenced to be hanged.

The defendant appealed from the sentence and it remains for this Court to pass upon the appeal.

The record does not contain the testimony in this case, but by agreement of counsel the testimony was to the following effect: "Admitted the killing and attempted to show that the deceased was trying to shoot the defendant when he fired the fatal shot, and relying on evidence introduced by him to bring out his plea of self-defense, there was testimony introduced for and against the contention that there was an altercation between the two men just prior to, and also at the time that the fatal shot was fired, and overt acts committed by the deceased which, if believed by the jury, might have been sufficient to have made out the defendant's plea or to have reduced the crime to manslaughter."

Judge Dantzler defined the crime of murder and he also defined the crime of manslaughter and very fully defined what was meant by the law of self-defense. There was no application to the judge to amplify the charge of manslaughter.

"Homicide, Mr. Foreman and gentlemen, is the killing of any human being. Homicide may be felonious, may be justifiable, may be excusable. Murder is felonious homicide, so is manslaughter; both of them are felonies. Murder

being a capital felony and manslaughter not being a capital felony; the difference between the two. But whenever one kills another unlawfully it is either murder or manslaughter, depending, of course, upon the presence or the absence of the ingredient of malice. If one kills another unlawfully and does it maliciously, with malice, that is murder; if he kills another unlawfully without malice, that is manslaughter. Now you have the distinction clearly defined between murder and manslaughter. Malice is a term imposing wickedness, and excluding a just or legal cause of excuse. It is expressed where there is positive, direct evidence showing that at the time of the killing it was really entertained; and it is implied as where the evidence does not directly show that the malice was entertained at that time, but it is necessarily indirectly implied from the circumstances and facts which have been proved.

"If you find the defendant is guilty on the first count, but desire to recommend him to the mercy of the Court, and you find him guilty on the second count write 'We find the defendant guilty on the first count with recommendation to the mercy of the Court, guilty on the second count.' "

The Circuit Judge laid great stress upon the absence of malice but described self-defense as follows: "Self-defense is an affirmative defense, and he who would interpose it as a plea must establish it by the greater weight of the evidence to the satisfaction of the jury, and there are three elements concurring to make out self-defense: First, the accused must not have been at fault about bringing about the difficulty which resulted in the death of another. He must not be at fault, because nobody is allowed, under the law, to make a necessity and then avail himself of the necessity of which he alone is responsible; that would not do. Second, he must have actually believed at the time of the killing that he was in such immediate danger of losing his own life, or of sustaining serious bodily harm, that it was necessary for him for his own protection to take the life of his assailant. Third, that the circumstances in which the accused was placed were such

as would, in the opinion of the jury, justify such a belief in the mind of a person possessed of ordinary reason and firmness. We will see, therefore, Mr. Foreman and gentlemen, that self-defense rests upon the law and rule of necessity.

"Years ago, in ancient times, before the modern firearms were invented, the law said a man must retreat to the wall before he could plead necessity; that was because men fought then with swords, the combat was hand to hand; and while the same rule of necessity prevails and is observed today and is required to be observed in these modern times under the law, yet the application of the rule has been modified by the fact that modern firearms have been invented and the law does not require a man to retreat when by retreating he endangers his safety. No man is required to do that. The law does not say that there must be no possible means of escape,—not at all,—but there must be no probable means of escape. Now, Mr. Foreman and gentlemen, the law requires one interposing such an affirmative defense as self-defense to establish it by the greater weight of the evidence to the satisfaction of the jury, yet if he should interpose such a defense and fail in it,—fail to establish it to the satisfaction of the jury, by the greater weight of the evidence should fail to do that—yet, if the jury entertains a reasonable doubt as to the guilt of the accused, they must acquit him, even though the accused shall fail to establish the plea of self-defense, if one is interposed, by the preponderance of the evidence.

"So jealous is the law in regard to the liberty and rights of the people charged with crime that they are presumed to be innocent until they are proved to be guilty beyond all reasonable doubt. And if one interposes a plea of self-defense, should the jury, from the consideration of the testimony, entertain a reasonable doubt as to whether or not that plea had been established by the greater weight of the evidence, then the defendant would be entitled to an acquittal, a reasonable doubt."

The judge goes forward in his charge to explain what is meant by a reasonable doubt in a very lucid manner.

Thus it will be seen that the Circuit Judge, with great care, has defined "murder," "manslaughter," and "self-defense" so much so that no request to change, modify or amplify his description of these offenses was made.

Under such circumstances we fail to see how the jury could have erred respecting the guilt of the accused; hence the presiding judge was not in error as set out in Exceptions 1, 2, 3, 4, 5, 6, 7 and 8, which are as follows:

1. "Because the error of law in failing to charge the jury that manslaughter is the unlawful killing of another without malice expressed or implied, and that the malice must be proved by the State beyond all reasonable doubt, there being no charge in respect to the duty of the State to prove the material elements of the offense, as charged in the indictment, beyond all reasonable doubt, in connection with the definition given by his Honor of murder or manslaughter, or anywhere else in the charge.

2. "Because of error of law in defining manslaughter, and limiting it simply to the defense of murder with the element of malice left out; whereas manslaughter is the taking of the life of another in sudden heat and passion upon sufficient legal provocation, without premeditation or malice, and nowhere in his Honor's charge was the jury instructed to consider the element of sudden heat and passion, upon sufficient legal provocation as circumstances going to show a lack of malice or premeditation.

3. "Because of error of law in failing to differentiate between murder and manslaughter, not only upon the presence or absence of the ingredient of malice, but also upon whether the killing was under sudden heat and passion, upon sufficient legal provocation which would destroy any implication of malice and reduce the killing to manslaughter, or whether the killing was from a certain deliberate purpose from which malice could be implied. And the jury was given no test, no standard, no criterion by which they could determine the presence or absence of malice, and thereby determine whether the offense was murder or manslaughter,

and in case of doubt as between the two offenses to give the defendant the benefit of the doubt and find the lesser offense.

4. "Because of error of law in not charging the jury that implied malice must be established beyond all reasonable doubt from the facts and circumstances, and that where the killing was the result of a sudden heat and passion on sufficient legal provocation there could be no malice, either expressed or implied, and the offense, if any, would be manslaughter and not murder.

5. "Because of error of law in failing to differentiate between murder and manslaughter, and leaving it to the jury to decide which the offense was, both as to matters of law and fact, and the jury, under the charge given, had no test and no alternative but to find a verdict of murder or not guilty, and this error was not cured later in the charge by stating the different forms of the verdict, for the jury were given no instruction as to the effect of sudden heat and passion upon sufficient legal provocation, and no test to direct it as to what conclusion to reach.

6. "Because of error of law in failing to charge the jury the effect of a recommendation to mercy by its verdict upon the Court, in the event of a verdict of guilty of murder which would reduce the punishment to life imprisonment, thus depriving the defendant of the benefit of his rights to have the jury know their power to fix the penalty as between death and life imprisonment.

7. "Because of error of law in failing to charge the jury as to the difference in punishment between murder, manslaughter, and murder with recommendation to mercy—thus depriving the defendant of his right to be tried by a jury who knew that they had the right by law to decide upon the extent of the punishment between life and death.

8. "Because of error of law in not fully declaring the law, as above stated, to the jury, but leaving them uninformed and unenlightened as to the effect of sudden heat and passion, upon sufficient legal provocation, in reducing the offense to manslaughter, and manslaughter under the law of recom-

mendation to mercy of the Court, in a case of a verdict of murder; and as to the necessity of the State proving each and every material element of the offense, as charged in the indictment, beyond all reasonable doubt, thus confusing and misleading the jury as to their duty and powers; there being no presumption that the jury were learned in the law, or knew these propositions of law. All of which the defendant was entitled to the benefit of in his Honor's charge to the jury."

We affirm the judgment of the Circuit Court, and the case is remanded to that Court for the purpose of having a new day assigned for carrying into execution the sentence of the Court.